**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Kevontae Day,

Plaintiff,

v.

Michigan Department of Corrections,

Defendant.

_______________________________/

Case No. 26-cv-12784

Judith E. Levy
United States District Judge

Mag. Judge Patricia T. Morris

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT WITHOUT PREJUDICE [1]**

Plaintiff Kevontae Day, a prisoner incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The complaint is DISMISSED WITHOUT PREJUDICE because the sole defendant named in the complaint (the Michigan Department of Corrections) cannot be sued under § 1983. Should Plaintiff wish to cure this deficiency, he may file an amended complaint within thirty days after the date of this order.

Plaintiff has been allowed to proceed without prepayment of fees under 28 U.S.C. § 1915(a), which governs civil actions brought by

prisoners who seek to proceed in forma pauperis. (*See* ECF No. 7.) The same statute directs that:

> (2) . . . [T]he court shall dismiss the case at any time if the court determines that:
>
> . . .
>
> (B) the action or appeal:
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Plaintiff's complaint alleges that he was twice assaulted by another prisoner. (*See* ECF No. 1, PageID.3.) He further alleges that a member of the prison's staff allowed the other prisoner to be placed in his cell immediately after that prisoner's release from segregation following the first assault. (*See id.* at PageID.3–4.) However, Plaintiff's complaint names only the Michigan Department of Corrections (MDOC) as a defendant. Plaintiff' seeks money damages of $200,000 and also seeks the firing of the staff member who allowed the other prisoner into his cell. (*Id.* at PageID.4.)

Plaintiff's complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim on which relief may be granted. The MDOC is not a "person" subject to suit under 42 U.S.C. § 1983, and, thus, the Eleventh Amendment bars Plaintiff's civil rights action against it. *See Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (holding that the MDOC was "properly dismissed" from a case because it is "immune from suit under the Eleventh Amendment"). Because the MDOC is the only defendant named in Plaintiff's complaint, Plaintiff's complaint will therefore be dismissed in its entirety.

The Federal Rules of Civil Procedure direct district courts to "freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court may allow an inmate to amend his complaint after dismissing his original complaint based on the screening requirements set forth in 28 U.S.C. § 1915(e). *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). In this case, the Court will grant Plaintiff thirty (30) days from the date of this order to file an amended complaint naming the appropriate defendant or defendants who were involved in the alleged deprivation of his constitutional rights. If Plaintiff

does not file an amended complaint by that date, this case will be dismissed with prejudice and judgment will be entered against Plaintiff.

For the reasons stated above, Plaintiff's complaint (ECF No. 1) is dismissed because it fails to state a claim upon which relief can be granted. The dismissal is without prejudice to Plaintiff filing an amended complaint naming the appropriate defendant or defendants within thirty (30) days of the date of this order.

IT IS SO ORDERED.

Dated: October 27, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 27, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager